**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RANDY L. MATSCH,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-1221-18-0080-W-1 |
| v. | |
| DEPARTMENT OF LABOR,<br>　　　　　Agency. | DATE: May 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Randy L. Matsch, Portsmouth, Rhode Island, pro se.

Niamh Eileen Doherty, Esquire, Boston, Massachusetts, for the agency.

Sharon Bogart, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the appellant failed to make a nonfrivolous allegation of a personnel action as defined in 5 U.S.C. § 2302(a), we AFFIRM the initial decision.

## BACKGROUND

The appellant resigned from his position as a GS-12 Safety and Occupational Health Specialist. Initial Appeal File (IAF), Tab 8 at 8-10, Tab 9 at 10-11. Thereafter, he filed a complaint with the Office of Special Counsel (OSC) alleging that the agency had subjected him to a hostile work environment in retaliation for his participation in an investigation into unauthorized agency hiring practices. IAF, Tab 1 at 9. The appellant contended that the hostile work environment forced him to resign. *Id.*

After OSC closed its investigation, the appellant filed an appeal with the Board alleging that agency management retaliated against him as a result of his whistleblowing activity. *Id.* at 5, 9. The administrative judge issued an order noting that the appellant's claim appeared to constitute an IRA appeal. IAF, Tab 4 at 1. She explained the circumstances under which the Board has jurisdiction to adjudicate such appeals, and she ordered both the appellant and the agency to file evidence and argument regarding jurisdiction. *Id.* at 1-7.

In response, the appellant asserted, among other things, that the agency had denied him training opportunities, increased his workload, and permitted a coworker to harass him in retaliation for his participation in an agency Office of the Inspector General (OIG) investigation. IAF, Tab 9 at 1-3. He also provided voluminous annotated documentation both supporting these allegations and levying additional allegations of reprisal. *Id.* at 4-286. In response, the agency contended, among other things, that the appellant had voluntarily resigned and that the agency had not taken any personnel action against him. IAF, Tab 10 at 4-12.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID) at 1, 26. Specifically, the administrative judge found that, although the appellant had engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(C) and had exhausted his administrative remedies before OSC regarding most of the issues he raised with the Board, he failed to nonfrivolously allege that his protected activity was a contributing factor in any alleged personnel action. ID at 6, 8, 26. She further found that the appellant failed to make a nonfrivolous allegation that his resignation was involuntary. ID at 24-26.

The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3. In his petition for review, the appellant avers that agency management harassed him in retaliation for his protected activity and contends that his resignation was involuntary. PFR File, Tab 1 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence that he exhausted his remedies before OSC and make

nonfrivolous allegations[2] of the following:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  We agree with the administrative judge that the appellant's assertions pertaining to his participation in an agency OIG investigation constitute a nonfrivolous allegation that he engaged in a protected activity pursuant to 5 U.S.C. § 2302(b)(9)(C).  ID at 8; *see Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (explaining that, in light of the broad language of 5 U.S.C. § 2302(b)(9)(C), disclosures of information to an agency's OIG are protected regardless of their content, as long as such disclosures are made in accordance with applicable provisions of law).  However, although the administrative judge summarized in detail the "numerous events that [the appellant] believed constituted personnel actions," she did not render an explicit finding as to whether the appellant made a nonfrivolous allegation of a personnel action as defined by 5 U.S.C. § 2302(a).  ID at 8-22.

Upon review of the record, we agree with the administrative judge's assessment that the appellant made 36 separate claims of agency personnel actions.  IAF, Tab 9 at 6-7; ID at 6, 8-23.  The appellant's allegations seemingly pertain to 3 of the 12 covered personnel actions enumerated in 5 U.S.C. § 2302(a)(2)(A)(i)-(xii).  IAF, Tab 9 at 6-7.  Specifically, he alleged that the agency significantly changed his working conditions, denied him various training opportunities, and forced him to resign.  *Id.*; *see* 5 U.S.C. § 2302(a)(2)(A)(iii), (ix), (xii).  For the reasons set forth herein, we find that the appellant did not make a nonfrivolous allegation of a personnel action as defined by 5 U.S.C. § 2302(a).

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

<u>The appellant has not nonfrivolously alleged a significant change in duties, responsibilities, or working conditions pursuant to 5 U.S.C. § 2302(a)(2)(A)(xii).</u>

As summarized in the initial decision, the appellant made numerous claims involving workplace harassment. IAF, Tab 9 at 6-7; ID at 8-19. He specifically alleged, among other things, that he overheard agency management yelling expletives and making offensive statements, which he presumed to be in reference to him. IAF, Tab 9 at 6, 143, 255, 283. He further averred that a management official yelled at him and that a separate agency official likened his behavior to that of a "buzzard." *Id.* at 6-7, 266, 284. He also rendered a series of allegations pertaining to management's oversight of his workload and contended that agency management had failed to intervene when a coworker began antagonizing him. *Id.* at 7, 138, 149, 162-64.

As relevant to these allegations, the definition of "personnel action" includes "any . . . significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii). The Board has found that, although "significant change" should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical consequence for an appellant constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 15-16. To this end, the agency actions must have significant effects on the overall nature and quality of the appellant's working conditions, duties, or responsibilities. *Id.*

Upon review of the record, we find that the appellant failed to make allegations that, individually or collectively, amounted to a significant change in his working conditions. *See* 5 U.S.C. § 2302(a)(2)(A)(xii); *Skarada*, 2022 MSPB 17, ¶¶ 15-16. Of note, in the appellant's allegations of vulgarity and profanity in the office related to private conversations that the appellant overhead from behind closed doors, he did not allege that any profanity was directed at him. IAF, Tab 9

at 6, 143, 283. In any event, he has failed to nonfrivolously allege how these incidents, individually or collectively, had a significant effect on the overall nature and quality of his working conditions, duties, or responsibilities. Similarly, the thrust of the appellant's allegations pertaining to his antagonistic coworker related to management's alleged failure to intervene in a distressing interpersonal conflict rather than any proactive change in working conditions impelled by agency officials.[3] *Id.* at 7; *see Shivaee v. Department of the Navy*, 74 M.S.P.R. 383, 389 (1997) (finding that emotional stress is not, in and of itself, a covered personnel action); *cf. Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶¶ 8, 15 n.4 (2010) (finding that the appellant made nonfrivolous allegations of a significant change in working conditions because she alleged, among other things, that her supervisors harassed her about personal telephone calls and closely monitored her whereabouts, to include following her to the bathroom), *overruled on other grounds by Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 n.5 (2014). Lastly, we find that the appellant's generalized disagreements with how the agency managed his workload do not amount to a nonfrivolous allegation of a significant change resulting in practical consequence. IAF, Tab 9 at 6-7, 121; *see Skarada*, 2022 MSPB 17, ¶¶ 15-16.

The appellant did not make a nonfrivolous allegation that the agency denied him training opportunities pursuant to 5 U.S.C. § 2302(a)(2)(A)(ix).

The appellant also alleged before the administrative judge that the agency denied him various training opportunities. IAF, Tab 9 at 7; ID at 20-23. "[A] decision concerning . . . training" is a personnel action if it "may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other [personnel] action [as described in 5 U.S.C. § 2302(a)(2)(A).]"

---

[3] The record suggests that, from 2013 to 2014, the appellant had a series of disputes with a nonsupervisory coworker. IAF, Tab 9 at 7. On one occasion, Federal Protective Service personnel responded after the other individual accused the appellant of intentionally bumping into his shoulder. *Id.* at 162-67.

5 U.S.C. § 2302(a)(2)(A)(ix). Thus, under the explicit terms of the statute, not all denials of training opportunities are covered personnel actions. *Id.*; *see Simone v. Department of the Treasury*, 105 M.S.P.R. 120, ¶ 9 (2007); *see also Shivaee*, 74 M.S.P.R. at 387 (explaining that there must be, at a minimum, a moderate probability that the training would have resulted in some type of personnel action).

Thus, the appellant must have alleged before the administrative judge not only that the agency denied him training opportunities but also that the denied opportunities may reasonably have led to an appointment, promotion, performance evaluation, or similar action; here, the appellant rendered no such allegations. *See* 5 U.S.C. § 2302(a)(2)(A)(ix). Accordingly, the appellant did not make a nonfrivolous allegation of a personnel action under 5 U.S.C. § 2302(a)(2) (A)(ix).

The appellant did not make a nonfrivolous allegation of a personnel action pursuant to 5 U.S.C. § 2302(a)(2)(A)(iii).

The appellant also contended before the administrative judge that intolerable working conditions forced him to resign. IAF, Tab 9 at 3. The appellant reiterates this assertion on review, contending that agency management employed "harassing and bullying behavior" and that he would not have resigned from his position but for this behavior. PFR File, Tab 1 at 4-5.

Included in the relevant definition of "personnel action" is "an action under chapter 75 of this title or other disciplinary or corrective action." 5 U.S.C. § 2302(a)(2)(A)(iii). Because an involuntary resignation is tantamount to a constructive removal action under 5 U.S.C. chapter 75, if the appellant renders nonfrivolous allegations that his resignation was involuntary, he thereby renders nonfrivolous allegations of a personnel action pursuant to 5 U.S.C. § 2302(a)(2)(A)(iii). *See Colbert*, 121 M.S.P.R. 677, ¶¶ 12-13 & n.5.

The Board has recognized that employee-initiated actions that appear voluntary on their face are not always so and that the Board may have jurisdiction

over such actions as constructive adverse actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013). All constructive adverse actions have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Id.*, ¶ 8. In analyzing voluntariness, the touchstone is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of his freedom of choice. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 19 (2007); *see also Bean*, 120 M.S.P.R. 397, ¶¶ 8, 11 (explaining that the agency's wrongful actions must have deprived the employee of a meaningful choice). In assessing voluntariness, the Board must consider all of the surrounding circumstances, including events not immediately preceding the subject resignation. *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1342 (Fed. Cir. 2001).

Here, the appellant has not alleged facts that, if proven, could demonstrate that he lacked freedom of choice. *See Bean*, 120 M.S.P.R. 397, ¶ 8; *see also Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (explaining that an employee is not guaranteed a working environment free of stress and that difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign). Thus, we agree with the administrative judge that, even viewing the appellant's allegations collectively, he nonetheless failed to make a nonfrivolous allegation that he lacked a meaningful choice regarding his resignation. ID at 25; *see Shoaf*, 260 F.3d at 1342.

On review, the appellant alleges for the first time that his temporary detail[4] to another office location also impelled his resignation.[5] PFR File, Tab 1 at 5.

---

[4] Although the appellant refers to the agency's action as a "reassignment," the record reflects that, approximately 2 weeks prior to his resignation, the agency placed the appellant on a temporary detail not to exceed 45 days. PFR File, Tab 1 at 5; IAF, Tab 9 at 17.

[5] "[A] detail, transfer, or reassignment" may constitute a personnel action. 5 U.S.C. § 2302(a)(2)(A)(iv). However, because the appellant did not raise his temporary detail before OSC, the Board is unable to consider the same as an independent personnel

To this end, he asserts only that the detail "was the ultimate action that finally [led him] to resign." *Id.* The Board generally will not consider factual assertions and legal arguments raised for the first time on review absent a showing that they are based on new and material evidence that was not available prior to the close of the record despite the party's due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). As the appellant provides no explanation as to why he did not raise this specific argument prior to the close of the record, he has not made such a showing. 5 C.F.R. § 1201.115(d). Moreover, we find the appellant's generalized assertion in this regard does not constitute a nonfrivolous allegation that he was subjected to a constructive removal action, even considered in conjunction with his other allegations. PFR File, Tab 1 at 5.

Accordingly, because the appellant failed to make a nonfrivolous allegation of a cognizable agency personnel action that he raised before OSC, we agree with the administrative judge that the Board lacks jurisdiction over his IRA appeal. *See* 5 U.S.C. § 2302(a)(2)(A)(i)-(xii); *Salerno*, 123 M.S.P.R. 230, ¶ 5.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

action for purposes of this IRA appeal. 5 U.S.C. § 1214(a)(3); IAF, Tab 1 at 7-9, Tab 9 at 4-9; *see Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1377 (Fed. Cir. 2001) ("The Board's jurisdiction is limited to issues raised before the OSC.").

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*

                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.